IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RAMOS, *Plaintiff* § § § | |
| VS. § § | CIVIL ACTION NO.: |
| UNITED STATES OF AMERICA, *Defendant* § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Plaintiff Robert Ramos, by and through his attorneys, Thomas J. Henry Law, PLLC, now come before this Court and complains of the United States of America, (hereinafter "USA"), as follows :

## I.
## PARTIES

1.   Robert Ramos is an individual residing in Bexar County, Texas, and thus a resident of the Southern District of Texas.

2.   The Defendant is the United States of America. The Defendant, the USA, may be served with summons upon William Barr, United States Attorney General, at The Department of Justice, 10th and Constitution Avenue, N.W., Washington, D.C., 20530 and the Civil Process Clerk, agent for service of process for the United States Attorney for the Southern District of Texas, at 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## II.
## JURISDICTION & VENUE

3. The claims herein are brought against the USA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and 28 U.S.C. §1346(b) for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the USA while acting within the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Texas.

4. Venue is proper under 28 U.S.C. §1391(e)(1) in that plaintiff resides in Bexar County, Texas, which is in the Western District of Texas – San Antonio Division.

5. Plaintiff requests a trial by jury.

## III.
## CONDITIONS PRECEDENT

6. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiff timely served notice of his claim on the appropriate Federal Agency and no final disposition of the claim was made within six months after it was filed.

## IV.
## SUMMARY

8. On or about January 22, 2018, Plaintiff **ROBERT RAMOS** was operating a 2004 Nissan Titan in a lawful manner while traveling on the 600 block of Chestnut St. approaching the intersection of Burnett St. in San Antonio, Bexar County, Texas. Albert Smith, Jr. was operating a United States Postal Service Truck. Albert Smith, Jr. failed to keep a proper lookout before

pulling out and placing his vehicle in the path of Plaintiff's vehicle causing Plaintiff **ROBERT RAMOS** to strike the rear of Mr. Smith's vehicle. Albert Smith, Jr. was at all time acting in the course and scope of his employment with the USA and the United States Postal Service.

## V.
## COUNT 1 – NEGLIGENCE

9. Plaintiff incorporates by reference herein all allegations set forth above.

10. On January 22, 2018, Plaintiff Robert Ramos was traveling on the 600 block of Chestnut St. approaching the intersection of Burnett St. in San Antonio, Bexar County, Texas.

11. The Defendant's employee failed to keep a proper lookout before pulling out and placing his vehicle in the path of Plaintiff Robert Ramos' vehicle causing Plaintiff Robert Ramos to strike the rear of Mr. Smith's vehicle.

12. At all times relevant hereto, the Defendant's employee was acting within the course and scope of his office and employment with Defendant, the USA, specifically as a member of the United States Postal Service.

13. The Defendant's employee operated the vehicle in a negligent manner and violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following aspects:

    a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.    in failing to turn the vehicle in an effort to avoid the collision in question; and

    d.    in making an unsafe right turn in front of an oncoming vehicle.

14.     Each and all of the foregoing acts and/or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

## VI.
## DAMAGES

15.     As a direct and proximate result of the negligent and omissions of the Defendant, Plaintiff suffered bodily injuries as reflect in the medical records from the health care providers that have treated the injuries since this incident. These injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of their injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

16.     As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

17.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expense for his medical care and attention.

18.     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

## VII.
## INTEREST

19. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## JURY DEMAND

20. Plaintiff demands a trial by jury and tender payment this date of the required jury fee.

## IX.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff is entitled to damages from the United States of America and hereby prays that judgment be entered in his favor and against the United States of America as follows:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages;

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

*ROBERT RAMOS VS. USA*
*Plaintiff's Original Complaint*

*PAGE 5 OF 6*

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600;   FAX: (361) 985-0601


BY: *CMiller*
CHARLES J. MILLER
STATE BAR NO. 24099727
*email: cmiller-svc@tjhlaw.com*
ATTORNEY FOR PLAINTIFF

\* service by email to this address only